**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE MERCIER,<br><br>                Plaintiff,<br><br>vs.<br><br>CENTRAL INTELLIGENCE AGENCY,<br>JUDGE PHILLIP M. PRO, SENATOR ORIN<br>HATCH, UNITED STATES OF AMERICA,<br>STATE OF NEVADA,<br><br>                Defendants. | Case No. 2:07-cv-00271-JCM-GWF<br><br>**ORDER & FINDINGS AND RECOMMENDATIONS** |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on March 2, 2007. Pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.

**DISCUSSION**

**I.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

1 A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional
2 factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual
3 frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly
4 incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504
5 U.S. at 33. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to
6 amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the
7 complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d
8 1103, 1106 (9th Cir. 1995).

9     Plaintiff alleges that Senator Hatch and Judge Pro have conspired against Plaintiff by stealing his
10 library reservations from the Clark County computer systems. As a result, Plaintiff has announced to
11 this Court the cancellation of his computer. Plaintiff alleges that the theft of his library reservations
12 infringes on his First, Second, Fourth, Fifth, Ninth, and Tenth Amendments. Plaintiff also impeaches
13 certain federal officers for criminal sanctions, which Plaintiff claims the federal officers violated his civil
14 rights.

15     Finally, Plaintiff reserves his right under the Fifth Amendment to have access to certain items
16 that Plaintiff listed on a submitted appendix. Accordingly,

17     **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is
18 **granted**. Plaintiff shall not be required to pre-pay the full filing fee of Three Hundred Fifty Dollars
19 ($350.00).

20     **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

21 **RECOMMENDATION**

22     Based on the foregoing, it is the **recommendation** of the undersigned United States Magistrate
23 Judge that the Complaint should be **dismissed** with prejudice based on an indisputably meritless legal
24 theory and frivolity.

25     DATED this 5th day of March, 2007.

26
27                                                         GEORGE FOLEY, JR.
28                                                         UNITED STATES MAGISTRATE JUDGE